WERNER PIANO COMPANY *v.* HENDERSON & REESE.

Opinion delivered November 22, 1915.

1. BILLS AND NOTES—RESTRICTIVE INDORSEMENT.—When certain notes were indorsed by the payee: "Pay to the order of the 1st Nat'l Bank, Iowa City, Iowa, for credit of account of Werner Piano Co.," under section 36, Act No. 81, Acts 1913, the indorsement held to be a restrictive indorsement, and a limitation upon the power of the indorsee to use the proceeds of the notes in any other manner.

2. BILLS AND NOTES—RESTRICTIVE INDORSEMENT—RIGHT OF PURCHASER.— The purchaser of the notes indorsed as above, is not, as a matter of law, an innocent purchaser for value of the notes, and will be held to have notice, by the reason of the restrictive indorsement, of any defense that the makers of the notes might have against the payee.

Appeal from Pike Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

This suit was instituted by the appellant against the appellees in the justice court on six promissory notes. Five of the notes were for $70 each and the other for $50. The notes were dated June 30, 1913, and were in form as follows: "For value received, we promise to pay to the order of Bernard Manufacturing Company, seventy dollars at Iowa City, Iowa, payable as below, five months after date.    (Signed) Henderson & Reese."

And each note was endorsed: "Pay to the order of the First National Bank, Iowa City, Iowa, for credit of account of Werner Piano Company."

The complaint alleged that the notes were executed by appellees for the purchase of a certain advertising proposition from the Bernard Manufacturing Company, including one Claxton piano.

The appellees answered, setting up that the order for the advertising proposition, including the piano, was subject to countermand before the 15th day of July, 1913, and was countermanded on July 14, 1913. They further alleged that the piano was a patented instrument and that the notes did not disclose such fact upon their face, and, further, that the payee had failed to furnish the piano as per contract.

The proof on behalf of the appellant tended to show that the notes were transferred to it before maturity and for value. The appellant contended that it was a *bona fide* holder without notice of any defect in the title of the payee, the same having been transferred to it for value before maturity in the usual course of business.

Appellee, on the other hand, contended that under the evidence appellant was not an innocent purchaser for value.

Upon this issue the court gave, among others, the following instructions: "Now, if you believe from the evidence that the Werner Piano Company bought these notes; paid value for them; bought them before they became due, and that at the time they purchased them had no notice of any defense against the notes or any defects

in the title to the notes or any infirmity of any kind in the notes, and bought them in due course of business they would be *bona fide* holders and would be entitled to recover unless you find that they were given for a patented instrument.''

The court further told the jury that ''The production of the notes in evidence by the Werner Piano Company, endorsed by the Bernard Manufacturing Company, raises the presumption, or, in other words, makes out a *prima facie* case and proof that they were endorsed before maturity makes out a *prima facie* case that they were transferred in due course of business and for a valuable consideration.   The burden is on the defendant to prove that they were not received in due course for a valuable consideration without any notice of any defense.''

There was testimony on behalf of the appellees to warrant a finding that the order of contract had been countermanded.   One of the appellees testified that the contract mentioned in the letter that was written to the Bernard Manufacturing Company which contained the contract and notes attached, also contained the countermand.   The letter of countermand itself shows that the contract and notes on which the suit was predicated were contained in that letter.

There was testimony on behalf of the appellants tending to show that this contract was approved on the 15th and that the letter containing the countermand was not received by the Bernard Manufacturing Company until the 17th, and that before they received the countermand they had purchased the piano called for by the contract, and that after receiving the letter of countermand they directed the manufacturers to hold up shipment of the piano.

There was testimony tending to show that the piano constituted the principal consideration for the contract upon which the notes were to be based.   It was designated as a ''piano contest.''   One of the witnesses testified that a part of the advertising proposition purchased

by the appellees was a Claxton piano and that this was the chief inducement in such proposition.

The jury retured a verdict in favor of appellees. Judgment was rendered accordingly and this appeal has been duly prosecuted. It is believed that the above is a sufficient statement of facts for a proper determination of the questions presented on this appeal.

*Langley & Steel,* for appellant.

1. Appellant was an innocent purchaser for value. Acts 1913, § 52; 94 Ark. 100; 104 *Id.* 388-395; 113 *Id.* 166; 176 S. W. 119; 64 Ark. 39; 61 *Id.* 81; 90 *Id.* 93.

2. No countermand of the order was shown. Kirby's Dig., § 517.

3. The court erred in its instructions to the jury. It was not necessary for the assignee to set forth the consideration for assignment. 89 Ark. 435. It was also error to except the defense of *patented* instrument. 63 Ark. 177; 45 A. L. R. 229.

4. The testimony as to a patented instrument was incompetent. Jones on Ev., § 297, p. 374.

*W. S. Coblentz,* for appellees.

1. The endorsement was restrictive. Acts 1913, p. 280, § 36; 3 Ruling Case Law, p. 972, § 182, p. 1035, § 241. The holder took the notes subject to all defenses of the original parties.

2. The order was countermanded. The holder of the notes took them subject to all defenses. The testimony as to the piano for which the notes was given was admissible. Moran was the agent of Bernard Manufacturing Company and the piano was a patented instrument. The declarations of the plaintiff, as the original contracting party, were admissible as evidence. 2 Greenleaf, Ev., § 200.

3. The contract was determinable at the option of the parties. Lawson on Contracts, § 403. Notice of countermand was duly mailed. 36 S. W. 149; 83 *Id.* 112; 26 Ky. Law Rep. 1003; 75 S. W. 877.

4. There was absolute failure of consideration, and the notes were illegal and fraudulent. 31 S. W. 603; 3 Rul. Cases Law, § 240. The holders had notice. *Ib.,* §§ 271, 245.

5. There was no error in the court's charge, but if so, it was harmless. This court will not reverse for harmless errors. 55 Ark. 312; 92 Ark. 534; 97 *Id.* 564; 85 *Id.* 568; 86 *Id.* 339; Kirby's Digest, § 6148; 47 Ark. 31, 407; 45 *Id.* 499; 24 *Id.* 586.

WOOD, J., (after stating the facts). (1) Section 36 of the law of negotiable instruments, act 81 of the Acts of 1913, page 280, provides: "An endorsement is restrictive which either, * * * (2) constitutes the endorsee the agent of the endorser; or (3) vests the title in the endorsee in trust for or to the use of some other person." Under this statute the endorsement on the notes in suit was a restrictive endorsement. It was a specific direction to pay to the order of the First National Bank 'for the credit' or 'on account of' the appellant, and thus was a limitation upon the power of the endorsee to use the proceeds of the notes in any other manner.

In volume 3, R. C. L., page 972, speaking of the restrictive endorsement under negotiable instruments law, it is said: "Such an endorsement may consist in a direction to pay 'to my use,' 'on account of' the endorser, 'to the credit of' the endorser or another."

Under the statute (section 37) a restrictive endorsement confers upon the endorsee the right " (1) to receive payment of the instrument, (2) to bring any action thereon that the endorser could bring."

(2) The endorsement under review was tantamount to an endorsement to the bank "for collection, proceeds to be credited to account of" appellant. It was said in 3 R. C. L., page 973, "The contract in such cases is not strictly a contract of endorsement, but rather the creation of a power, the endorsee being the mere agent of the endorser to receive and enforce payment for his use. The contract constitutes the endorsee the agent of the endorser to present the paper, demand and receive payment,

and remit the proceeds," or apply as directed. See also cases cited in notes.

It follows that the court should have declared as matter of law that the appellant was not an innocent purchaser for value of the notes in suit, inasmuch as it had notice, by the restrictive endorsement, of any defenses that the makers of the notes might have as against the payee.

It was an issue of fact under the evidence for the jury to determine whether or not the order had been countermanded before the Bernard Manufacturing Company accepted or approved the same. True, the testimony on this point was conflicting, but this made it an issue for the jury, and this issue was submitted under proper instructions. The jury had the right, under the testimony, to find that the Bernard Manufacturing Company had acted upon such countermand and had directed the party from whom it claimed to have purchased the piano not to ship the same and that the piano was never shipped. The jury were warranted in finding that there was no completed contract, and that there was a failure of consideration for the notes in suit. These issues were submitted under correct instructions. We find no error in the ruling on the admission of testimony. The principal question in the case was whether or not the appellant was an innocent holder for value of the notes in controversy, and, as we have seen, under the restrictive endorsement, the court should have told the jury that it was not an innocent holder for value. The other questions being issues of fact, were correctly submitted, and there was evidence to sustain the verdict of the jury.

The judgment is therefore correct, and it must be affirmed.